FRIEDMAN, Senior Circuit Judge,
dissenting in part.
I agree with the court that First Federal did not breach the Financing Agreement by failing to inform the government about Canada Trust’s proposal that it acquire First Federal. I also agree that the Court of Federal Claims properly concluded that First Federal’s lost profits were foreseeable when the Financing Agreement was executed. Where I part company from the *358 court is its holding that the government breached the Financing Agreement by failing to approve First Federal’s proposed acquisition of Monroe Savings Bank.
The court’s reasoning on the Monroe issue is as follows: In section 6.10 of the Financing Agreement, the parties agreed that the net worth ratios there stated (lower than those in the governing regulation) would be the only ones First Federal would have to satisfy. The government breached this commitment by refusing to approve the Monroe acquisition because the merged institution would not meet the higher capital ratios required under the recently enacted FIRREA.
Section 6.10, however, deals only with First Federal’s net worth. It does not deal with the standards the regulators would apply in evaluating First Federal’s proposed acquisition of another banking institution. Nothing in the Financing Agreement explicitly deals with government approval of mergers or acquisitions, or purports to specify the standard’s the government would apply in performing that function. It does not follow that because First Federal generally would have to meet only those lower capital ratios, the government could not require that a merger of First Federal would result in the new higher capital ratios that FIRREA required. Before I could conclude that the Financing Agreement imposed such a significant limitation on the government’s broad regulatory authority over savings- and-loan mergers and acquisitions, I would require a far stronger showing that the parties so intended than I can discern in the Financing Agreement.